IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LARRY J. STEPHENS,<br><br>                     Petitioner<br><br>VS.<br><br>STEVEN UPTON, Warden,<br><br>                     Respondent | NO. 5:05-CV-75 (DF)<br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

Petitioner LARRY J. STEPHENS has filed a petition herein seeking federal habeas corpus relief. Tab #4. Respondent STEVEN UPTON, Warden of Hays State Prison, has filed a motion to dismiss this petition, contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Tab #11. Petitioner STEPHENS has filed a response to the respondent's motion. Tab #19.

Under the provisions of the AEDPA, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

    *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

    *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

    *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*

    *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

The undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive. The court agrees that petitioner's February 19, 2001, Putnam County guilty plea convictions became final on March 21, 2001, when the time for filing a notice of appeal expired; and that the one-year limitation period under the AEDPA began to run on that date. Petitioner then filed the present federal habeas corpus petition on January 29, 2005, well after the deadline for seeking federal habeas corpus relief had expired.[1] Thus, petitioner STEPHENS exceeded the one-year period of limitations and his federal petition is untimely filed.

Accordingly, IT IS RECOMMENDED that the respondent's MOTION TO DISMISS (Tab #11) be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

SO RECOMMENDED, this 14th day of JUNE, 2005.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner previously filed a federal habeas corpus petition on October 15, 2001. However, said motion did not toll the limitations period as it was dismissed for lack of exhaustion. *See Duncan v. Walker*, 533 U.S. 167 (2001).